---

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

**18. ACCOUNTING.** See 313. Corporations.

**27. ACTIONS.** See 267. Compromise.

**100. ASSAULT & BATTERY.** See 480. Evidence.

**106. ASSIGNMENTS.** See 851. Notice.

**147. BILLS & NOTES.**

When a construction loan has been granted on mortgage security and the note negotiated before the payment of the full amount of the loan, the mortgage going into the hands of a receiver in the meantime, may the second holder of the note maintain an action in foreclosure (542) and for personal judgment for the face of the note? Kerman et v. Building & Loan Co. OS. Pend. 4 Abs. 522.

Where makers of note pay same voluntarily and later claim fraud existed in the transaction, such voluntary payment to a bank which subsequently purchased the note constitutes it a mere channel through which part of the consideration for the purchaser passed from buyer to seller. Zimmerman et v. Second Nat'l Bank. OA. 4 Abs. 514.

**206. CARE.** See 301. Contributory Negligence.

**225. CHARGE TO JURY.**

Although giving of requests is made mandatory, it is not prejudicial error (465) to refuse such requests when

---

# STATE SUPREME COURT
## (Continued from Page 525)

Eastman, Toledo, for pltf; F. M. Dotson and C. F. Lawton, Toledo, for deft.

20031—Edna G. Roath v. The A. O. Wood Motor Co; motion for Summit Appeals to certify. R. G. Thomas and J. D. Hotchkiss, Akron, for pltf; L. J. Myers, and A. J. Russell, Akron, for deft.

20032—Hal G. Knight v. Bertha Hall; motion for Summit Appeals to certify. L. J. Myers, Akron, for pltf; C. R. Grant, Akron, for deft.

20033—The Fidelity & Deposit Co. v. The Swinehart Tire & Rubber Co.; motion for Summit Appeals to certify. Nalf & McIntosh, Akron, for pltf; Nelan & Walsh, Akron, for deft.

### AUG. 2, 1926

20034—Summit County Bd. of Ed. v. State of Ohio ex rel Irwin F. Stipe; error to the Summit Appeals. W. A. Spencer, Akron, for pltf; Cummins, Brouse, Englebeck & McDowell, Akron, for deft.

20035—Maryland Casualty Co. v. Daniel McDiarmid; motion for Montgomery Appeals to certify. McMahon, Corwin, Landis & Markham, Dayton, for pltf; J. W. Sharts, Dayton, for deft.

20036—Hartford Fire Insurance Co. v. Rufus Glass; motion for Greene Appeals to certify. Mooney, Bibbee & Edmonds, Columbus, for pltf; C. L. Darlington, Xenia, for deft.

20037—Roman Gorski v. Alexandra Gorski; motion for Cuyahoga Appeals to certify. C. J. Suffens and A. H. Martin, Cleveland, for pltf; F. T. Matia, Cleveland, for deft.

---

the principles are substantially stated in a substitute request. Zimmerman et v. Second Nat'l Bank. OA. 4 Abs. 514.

**267. COMPROMISE.**

Where the court in a foreclosure action based upon a default judgment rendered by a justice of the peace refuses an order of foreclosure upon the promise of the defendant to pay any judgment which the justice of the peace may render at a new trial, is the plaintiff precluded from obtaining foreclosure in an action (27) in which a compromise was agreed to? Halliday v. Dempsey. OS. Pend. 4 Abs. 519.

**301. CONTRIBUTORY NEGLIGENCE.**

Court's charge as to recovery being defeated by contributory negligence, that to defeat recovery the injuries must have been the result of the failure to use ordinary care (206) for plaintiff's own protection, is sufficiently broad. Cooper v. Prucha. OA. 4 Abs. 517.

**313. CORPORATIONS.**

Where a stockholder of a croporation for himself and other stockholders filed suit for an accounting of profits arising from the fraudulent assignment of a contract and seeks a mandatory injunction for its surrender and an accounting, may a court separate the rights arising under the contract from the right to an accounting (18) of the profits and refuse the injunction on the ground of laches of the petitioning stockholder when the other stockholders in whose behalf the suit was brought were not guilty of laches? Hitz et v. Telling et. OS. Pend. 4 Abs. 523.

May the officers and directors of a corporation increase their salaries (1064) and vote to execute contracts in which they are personally interested? Briggs v. Gilbert Grocery Co. OS. Pend. 4 Abs. 520.

**327. COURTS.** See 1003. Receivers.

**367. DEEDS.** See 997. Real Property.

**389. DESCENT AND DISTRIBUTION.**

Where a testator prior to his death executed a will and certain deeds in conjunction with each other and by deed conveyed certain real estate (997) to his son who died before taking does the wife of the deceased son take the property in fee by virtue of the deed or does she have a life estate in accordance with the laws of descent and distribution? Gardner et v. Kern. OS. Pend. 4 Abs. 520.

**448. ELECTIONS.** See 851. Notice.

**454. EMBEZZLEMENT.**

Where an indictment charges the embezzlement of a lump sum of $105,000 when in fact the State will contend that the amount embezzled includes about 100 withdrawals, is it error (465) to deny a bill of particulars setting forth withdrawals separately and to overrule the motion to quash the indictment? Josephson v. State. OS. Pend. 4 Abs. 521.

**460. EQUITY.** See 677. Judgments.

**465. ERROR.** See 454. Embezzlement; 225. Charge to Jury.

**480. EVIDENCE.**

Where a sheriff is assaulted (100) on a dark night, it being impossible to discern the identity of a person, and the sheriff injured the assaulting party by shooting him in the leg, may said sheriff testify concerning an inspection of a scar on the suspect's leg in an effort to effect a conviction for the assault? Grube v. State. OS. Pend. 4 Abs. 519.